UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ZURICH AMERICAN INSURANCE COMPANY,

                Plaintiff,

-against-

WAUSAU BUSINESS INSURANCE COMPANY
and TRAVELERS CONSTITUTION STATE
INSURANCE COMPANY,

                Defendants.
-------------------------------------------------------------------X

Civil Action No.:
14 CV 3382 (ALC)(HBP)

**DECLARATION OF
JONATHAN HURLEY**

      **JONATHAN HURLEY**, pursuant to 28 U.S.C. § 1746, declares as follows under the penalties of perjury:

      1.    I am a Technical Claims Specialist II assigned to work on the coverage claim relating to the policy issued by WAUSAU BUSINESS INSURANCE COMPANY ("Wausau"); as such, I am fully familiar with the facts and circumstances set forth herein.

      2.    I submit this affidavit in support of Wausau's motion for summary judgment pursuant to Fed. R. Civ. P. 56, granting summary judgment in favor of Wausau and against plaintiff ZURICH AMERICAN INSURANCE COMPANY ("Zurich"), as follows: (1) determining and declaring that Wausau owes no duty to defend The Whiting-Turner Contracting Company ("Whiting-Turner"), Brooks Shopping Centers LLC ("Brooks"), and Macerich Management Company ("Macerich"), for the claims against them in the action entitled <u>Roxana Robinson v. Brooks Shopping Centers, LLC., and Macerich Management Company</u>, Index No. 106847/11, which is pending in the

1

Supreme Court of the State of New York, County of New York (the "Underlying Action"); and (2) granting Wausau such other and further relief as which this Court deems just and proper, together with the costs and disbursements of the instant action.

## THE UNDERLYING ACTION

3. This insurance coverage lawsuit arises from a trip and fall accident that occurred on April 5, 2010 when Roxana Robinson ("Robinson") fell in a parking lot within the Cross County Mall located at 808 Central Park Avenue, Yonkers, New York ("the Premises"). A copy of Robinson's initial Verified Complaint is annexed hereto as Exhibit "1". A copy of the Amended Verified Complaint in the Underlying Action is annexed hereto as Exhibit "2".

4. Robinson asserts her claim solely against Brooks and Macerich. (See Exhibits "1" and "2".)

5. The Amended Complaint does not refer to or mention Montesano Brothers Inc. ("Montesano"). Robinson has never asserted a claim against Montesano in any forum.

6. On or about May 9, 2012, in the Underlying Action, Brooks and Macerich commenced a third-party action against Montesano, alleging that Montesano owes Brooks and Macerich contractual and common law indemnification for the claims alleged in the First Party Action by Robinson (the "Third-Party Action"). A copy of the Third-Party Complaint against Montesano is annexed hereto as Exhibit "3".

7. Whiting-Turner was never sued in the Underlying Action. It was neither a defendant nor a third-party defendant. No claim was every asserted against it.

## THE WAUSAU POLICY

8.      Wausau Business Insurance Company ("Wauasu") issued a Commercial General Liability policy, No. YYK-Z11-260158-020, with a policy period from January 1, 2010 to January 1, 2011, to Montesano as the first Named Insured (the "Wausau Policy").  A copy of the relevant portions of the Wausau Policy is annexed hereto as Exhibit "4".

9.      The Insuring Agreement in the Wausau Policy, as modified by the endorsement entitled "New York Changes-Commercial General Liability Coverage Form", provides, in relevant part, as follows:

> 1. Insuring Agreement
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. ...

10.     The Wausau Policy defines the term "suit" as follows:

> "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged.
>
> "Suit" includes:
>
> a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

3

  b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

  11. Brooks, Macerich, and Whiting-Turner are not Named Insureds under the Wausau Policy, and they are not otherwise identified as insureds under the Wausau Policy.

  12. The Wausau Policy, in an endorsement entitled "Liberty DirectSolutions for Contractors", contains two additional insured provisions, known as Item 10 and Item 11.

  13. Item 10 provides, in pertinent part, as follows:

**Item 10 – EXPANDED BLANKET ADDITIONAL INSURED AND WAIVER OF SUBROGATION (FOR INSTALLATION EXPOSURES)**

**A. SECTION II**- Who is An Insured is amended to include any person or organization to whom you are obligated by a written agreement to procure additional insured coverage, provided that:

  1. The "bodily injury", "property damage," or "personal and advertising injury" giving rise to liability occurs subsequent to the execution of the written agreement; and

  2. The written agreement is in effect at the time of the "bodily injury," "property damage," or "personal and advertising injury" for which coverage is sought.

That person or organization shall be referred to as the additional insured.

The coverage afforded to the additional insured is limited to liability caused, in whole or in part, **by the negligent acts or omissions of you**, your employees, your agents, or your subcontractors, in the performance of your going operations.

4

\* \* \*

**D. Other Insurance**

The insurance provided by this endorsement applies only to coverages and limits of insurance required by written agreement, but in no event exceeds either the scope of coverage or the limits of insurance available within this policy. This insurance shall be excess over any other insurance available to the additional insured, whether such insurance is on an excess, contingent or primary basis, unless you are obligated under a written agreement to provide liability insurance for that additional insured on any other basis. In that event, this policy will apply solely on the basis required by such written agreement. (Emphasis supplied.)

14. Item 11 provides, in relevant part, as follows:

**Item 11- BLANKET ADDITIONAL INSURED AND WAIVER OF SUBROGATION- PERSON OR ORGANIZATION**

**A. Section II- Who Is An Insured** is amended to include as an additional insured any person or organization to whom you are obligated by a written agreement to procure additional insured coverage, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused in whole or in part, by your acts or omissions or the acts or omissions of those acting on your behalf.

   1. In performance of your ongoing operations; or

   2. In connection with premises owned by you provided that:

      (a) The "bodily injury", "property damage" or "personal and advertising injury" giving rise to liability occurs subsequent to the execution of the agreements; and

      (b) The written agreement is in affect at the time of the "bodily injury", "property damage", or "personal and advertising injury" for which coverage is sought.

5

That person or organization shall be referred to as additional insured.

There is no coverage for the additional insured for the "bodily injury", "property damage", or "personal and advertising injury" arising out of the sole negligence of the additional insured or by those acting on behalf of the additional insured, except as provided below.

If written agreement to indemnify an additional insured requires that you indemnify the additional insured for its sole negligence, then coverage for the additional insured shall conform to that agreement; provided however that the contractual indemnification language of the agreement is valid under the law of the state where the agreement is formed. If the written agreement provided that a particular state's law will apply, then such provisions will be honored.

\* \* \*

**C. Exclusions**

The insurance does not apply to:

    1. Any premises or equipment leased to you.

    2. **<u>Any construction, renovation, demolition or installation operations performed by or on behalf of you, or those operating on your behalf.</u>**

**D. Other Insurance**

The insurance provided by this endorsement applies to coverages and limits of insurance required by written agreement, but in no event exceeds either the scope of coverage or the limits of insurance available within this policy.

This insurance shall be excess over any other insurance available to the additional insured, whether such insurance is on an excess, contingent or primary basis, unless obligated under a written agreement to provide liability insurance for the additional insured on any other basis. In that event, this policy will apply solely on the basis required by such written agreement. (Emphasis Supplied.)

(See Exhibit "4".) The Underlying Action indisputably arises out of alleged construction operations; as such, Item 11 cannot apply to this claim.

15.     Pursuant to Item 10, an entity may qualify as an additional insured under the Wausau Policy only if: (1) there exists a written agreement by which Montesano agreed to include such entity as an additional insured; (ii) the injury occurred subsequent to the execution of the written agreement; (iii) the written agreement is in effect at the time of the injury; and (iv) the liability was caused, in whole or in part, by the negligent acts or omissions of Montesano in the performance of its ongoing operations. Robinson never alleged liability against Brooks and Macerich based upon the negligent acts or omissions of Montesano. While Robinson could have sued Montesano direct, no such claim was ever made, and she never mentions Montesano in her initial Complaint or the Amended Complaint. (See Exhibits "1" and "2".)

16.     As discussed in the accompanying memorandum of law, Brooks and Macerich cannot create coverage by simply alleging claims (ultimately determined to be meritless) against Montesano.

17.     In the Underlying Action, by Decision and Order dated September 21, 2015 (the "Decision and Order"), Manuel J. Mendez, S.C.J., denied Brooks and Macerich's motion for summary judgment against Montesano on their claim for common law and contractual indemnification and granted Montesano's cross-motion for summary judgment dismissing the third-party complaint against it. A copy of said Decision and Order is annexed hereto as Exhibit "5".

18. In the Decision and Order, Justice Mendez also dismissed Robinson's causes of action against Brooks and Macerich. (See Exhibit "5".) As such, the Underlying Action is over, and this coverage suit is solely about recovery of defense costs expended by Zurich.

**WHEREFORE**, this Court should grant Wausau's motion for summary judgment in all respects, determine and declare that Zurich is not entitled to coverage for the Underlying Action from Wausau, dismiss the complaint against Wausau, and grant Wausau such other and further relief as which this Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 11, 2016 in Weston, Massachusetts.

_____
JONATHAN HURLEY